**UNITED STATES of America,
Respondent—Appellee,**

v.

**Patrice Lumumba FORD, Petitioner—
Appellant.**

No. 06–35000.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 3, 2007.

Shaun S. Mccrea, Esq., McCrea, P.C., Eugene, OR, for Petitioner–Appellant.

Patrice Lumumba Ford, Leavenworth, KS, pro se.

David L. Atkinson, Portland, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM *

Patrice Lumumba Ford was charged by indictment in May 2003 with eight counts, including Conspiracy to Levy War Against the United States in violation of 18 U.S.C. § 2384, or "seditious conspiracy." Prior to trial, Ford entered a plea agreement under which he pled guilty to the seditious conspiracy charge and the Government dropped the remaining charges. Section 2384 lacks its own specific sentencing guideline, so the plea agreement stipulated to an appropriate sentence based on the parties' agreement that the most analogous sentencing guideline is U.S.S.G. § 2m1.1(a)(1), the guideline for treason. The district court sentenced Ford to eighteen years imprisonment per the plea agreement's terms. Ford now requests habeas relief on the basis of his argument that § 2m1.1(a)(1) is not "sufficiently analogous" to his crime, see U.S.S.G. § 2X5.1,

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and that his counsel's failure to inform him of this perceived error amounted to ineffective assistance of counsel.

We review the district court's denial of a 28 U.S.C. § 2255 petition de novo. *See United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir.2003).

We have carefully reviewed the record and conclude that Ford has failed to demonstrate that the performance of his trial counsel was deficient under the applicable standard set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has not established that his lawyer's performance was deficient or below professional standards, nor has Ford shown that he was prejudiced as a result. To the contrary, counsel assisted Ford in accepting an agreement that averted the very real risk that Ford would go to trial, be convicted of all eight charges, and receive a sentence far longer than the eighteen years he now spends in prison. Nothing in the records suggests that, but for counsel's alleged errors, Ford "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

AFFIRMED.